UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Samuel Pond, | ) |
| | ) |
|           Plaintiff, | )   Civil Action No. _____ |
| | ) |
| vs. | ) |
| | ) |
| Union Pacific Railroad Company, | ) |
| a Delaware corporation, and | ) |
| Covia Holdings Corporation, a | ) |
| Delaware Corporation, | ) |
| | ) |
|           Defendants. | ) |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Samuel Pond, and for his claims and causes of action against Defendant, Union Pacific Railroad Company, a Delaware Corporation (UP), and Covia Holdings Corporation, a Delaware Corporation (Covia), states as follows:

### Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered on March 15, 2019, while working as a conductor for UP. Plaintiff's claims against UP are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Plaintiff's claims against Covia are brought under Minnesota law.

### Parties

2. That at all times relevant herein, Plaintiff was a resident and citizen of Eagan, Minnesota, and was employed by UP as a conductor.

3. That at all times relevant herein, UP was a corporation duly organized and existing under the laws of the State of Delaware, and was duly licensed to operate a system of railroads as

a common carrier of freight for hire in and through the State of Minnesota, and is engaged as a common carrier in interstate commerce.

4. That at all times relevant herein, Covia Holdings Corporation was a corporation duly organized and existing under the laws of the State of Delaware, and was duly licensed to conduct business in the State of Minnesota, including operating a mine and plant in Le Sueur, Minnesota.

### Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over Plaintiff's claims against UP pursuant to 45 U.S.C. § 56.

6. This Court has subject-matter jurisdiction over Plaintiff's claims against Covia pursuant to 28 U.S.C. § 1332(a).

7. This Court has personal jurisdiction over UP and Covia because they purposefully availed themselves of the privilege of conducting business activities in the State of Minnesota, and the incident that is the subject of this lawsuit occurred in the State of Minnesota, creating sufficient contacts within the state to permit this Court to exercise jurisdiction.

8. Venue of this lawsuit in this Court is proper related to UP pursuant to 45 U.S.C. § 56, which allows bringing a lawsuit in a district court in which the cause of action arose.

9. Venue of this lawsuit in this Court is proper related to Covia under 28 U.S.C. § 1391(b)(2).

10. The action against UP is timely commenced under the FELA pursuant to 45 U.S.C. § 56.

11. The action against Covia is timely commenced under Minnesota law pursuant to Minn. Stat. § 541.05, subd. 1(5).

**Facts**

12. On March 15, 2019, Plaintiff was in the course and scope of his employment working as a conductor for UP. Plaintiff was part of a two-person train crew, and he and Aaron Hagen, an engineer, were assigned the job to take train C-BPBT9-13 from UP's Merriam siding located near Shakopee, Minnesota to St. James, Minnesota, traveling over UP's tracks.

13. At all times relevant herein, Covia operated a mine and plant near Le Sueur, Minnesota that abutted the Minnesota River and UP's tracks. Covia's operations included mining and processing silica sand. On its property, Covia maintained several holding ponds.

14. On the previous day, March 14, 2019, a train was held at the same departure site due to flooding that included water over the rail at MP 78 in St. Peter, Minnesota. Additionally, flash flooding conditions had occurred and were reported at or near Jordan, Minnesota.

15. Plaintiff and Engineer Hagen assembled the train, performed the required pre-trip air test and departed Merriam at about 3:15 a.m.

16. Before leaving Merriam, Plaintiff received paperwork for the train as well as the required track authority from UP's dispatcher. The paperwork and authority provided by UP contained no instructions or warnings related to weather or track conditions.

17. The train proceeded from Merriam to Le Sueur, Minnesota traveling on UP's tracks. While en route the crew received clear signals to proceed.

18. As the train traveled down UP's tracks within the track speed at or near Le Sueur, Minnesota, the crew saw the track bed had washed away. Engineer Hagen applied an emergency brake application as a result of the washed-out track.

19. The lead locomotive the train crew occupied as well as trailing railcars derailed, and in doing so, Plaintiff and Engineer Hagen were thrown off their feet and about the locomotive cab.

20. Shortly after derailing, the locomotive occupied by the train crew caught fire. The crew tried to evacuate the cab using the front door, but was unable to do so because the door was jammed and would not open due to an inoperable lock. The train crew was unable to evacuate the cab using the rear locomotive cab door because of the flames so they evacuated the cab through the conductor's side window that was about 18 feet above the ground.

21. After escaping the flames of the burning locomotive, the train crew walked south (or west railroad direction) and contacted UP's dispatcher to report the incident.

22. The train crew was met at the first crossing south of the derailment by emergency responders walking towards the incident site, and the train crew was taken to a hospital by ambulance.

23. The tracks on which Plaintiff traveled washed out due to flooding caused by the release of water from Covia's holding ponds that bordered the Minnesota River and UP's tracks as well as the flooding of the Minnesota River due to the heavy rains from the previous day(s).

### Count One (UP – negligence – FELA )

Plaintiff realleges paragraphs 1 through 23 as though set forth at length and in detail herein.

24. Due to the negligent acts of UP as set forth below, Plaintiff was caused to be injured on March 15, 2019, while in the course and scope of his employment working as a conductor for UP.

25. Plaintiff's injuries and resulting damages were caused in whole or in part by the negligence of UP, its agents, employees and officers in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, including:

   a. failing to provide a reasonably safe place to work,

   b. failing to inspect, repair and maintain its premises, equipment, tracks and rolling stock,

   c. failing to warn,

   d. failing to adopt reasonable methods and procedures,

e.  failing to follow and enforce its rules, methods and procedures,

f.  failing to instruct its employees on its rules, methods and procedures,

g.  failing to provide sufficient help,

h.  failing to provide sufficient tools and equipment, and

i.  other acts of negligence as revealed by discovery.

26. As a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

## Count Two (UP – strict liability/negligence per se – LIA)

Plaintiff realleges paragraphs 1 through 26 as though set forth at length and in detail herein.

27. Plaintiff's injuries and resulting damages were caused in whole or in part by UP's violation of the Federal Locomotive Inspection Act (LIA), 49 U.S.C. §§ 20701-20703, and/or Federal Railroad Administration (FRA) regulations specific to locomotives, when UP used or allowed to be used on its line of railway, a locomotive engine, including its parts and appurtenances, that was unsafe to operate without unnecessary danger of personal injury.

28. As a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

### Count Three (UP – strict liability/negligence per se – FRA regulations)

Plaintiff realleges paragraphs 1 through 28 as though set forth at length and in detail herein.

29. Plaintiff's injuries and resulting damages were caused in whole or in part by UP's violation of FRA regulations contained in Title 49, Part 213, when UP failed to comply with Track Safety Standards setting out requirements for construction of tracks, roadbeds and inspections.

30. As a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

### Count Four (Covia – negligence – Minnesota law)

Plaintiff realleges paragraphs 1 through 30 as though set forth at length and in detail herein.

31. Plaintiff's injuries and resulting damages were directly caused by the negligence of Covia in failing to exercise reasonable care including:

   a. failing to inspect, repair and maintain its premises,

   b. failing to warn,

   c. failing to take reasonable steps to prevent and remedy unsafe conditions on its premises,

   d. failing to maintain its premises in a reasonably safe condition for its use, and

   e. other acts of negligence as revealed by discovery.

32. As a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff, Samuel Pond demands judgment against Defendants, and each of them, for recovery of special damages and general damages on the causes of action as set out above, together with interest as provided by law, for his costs and disbursement and reasonable attorneys' fees herein.

**Plaintiff demands trial by a jury of six.**

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: February 24, 2020

*/s/ Randal W. LeNeave*
Randal W. LeNeave, #181122
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
rleneave@hklaw.com